# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 25-2004, United States et al. v. Maddox et al. |
| **Originating No. & Caption** | 25-cv-2029, United States et al. v. Russell et al. |
| **Originating Court/Agency** | District of Maryland |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 60 days | |
| Date of entry of order or judgment appealed | 8/26/2025 | |
| Date notice of appeal or petition for review filed | 8/26/2025 | |
| If cross appeal, date first appeal filed | n/a | |
| Date of filing any post-judgment motion | n/a | |
| Date order entered disposing of any post-judgment motion | n/a | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | 25-1959 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | n/a | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See additional pages. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Whether the district court erred in holding that the United States and U.S. Department of Homeland Security lack standing to sue the district court, district judges, and the clerk of the district court, in their official capacities, for injunctive relief against two standing orders of the district court.<br><br>Whether the district court erred in holding that judicial immunity bars a lawsuit against district judges and the clerk of the district court, in their official capacities, seeking declaratory and injunctive relief against two standing orders of the district court.<br><br>Whether the district court erred in holding that the United States and U.S. Department of Homeland Security lack a cause of action to challenge two standing orders of the district court through a lawsuit. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Chief Judge George L. Russell III<br>(in his official capacity)<br>Attorney: [Attorneys listed on additional pages]<br>Address:<br><br><br>E-mail:<br><br>Phone: | Adverse Party: Judge Adam B. Abelson<br>(in his official capacity)<br>Attorney:<br>Address:<br><br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: Judge Richard D. Bennett<br>(in his official capacity)<br>Attorney:<br>Address:<br><br><br>E-mail:<br><br>Phone: | Adverse Party: Judge Catherine C. Blake<br>(in her official capacity)<br>Attorney:<br>Address: [More adverse parties on additional pages]<br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: United States<br><br>Attorney: Elizabeth Hedges; Sarah Welch<br>Address: Department of Justice Civil Division<br>         950 Pennsylvania Ave NW<br>         Washington, DC 20530<br><br>E-mail: elizabeth.t.hedges@usdoj.gov & [to right]<br><br>Phone: (771) 209-1978 | Name: U.S. Department of Homeland Security<br><br>Attorney: Same<br>Address: Same<br><br><br><br><br>E-mail: sarah.e.welch@usdoj.gov & [to left]<br><br>Phone: Same |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| |
|---|
| **Signature:** /s/ Elizabeth Hedges        **Date:** 9/11/2025<br><br>**Counsel for:** Appellants United States, U.S. Department of Homeland Security |

| |
|---|
| **Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown: |
| | |
|---|---|
| | |
| Signature: | Date: |

No. 25-2004

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

UNITED STATES, *et al.*,

Plaintiffs-Appellants,

v.

JUDGE MATTHEW JAMES MADDOX, *et al.*,

Defendants-Appellees.
_____

**ADDITIONAL INFORMATION FOR APPELLANTS
UNITED STATES, ET AL.'S DOCKETING STATEMENT**
_____

BRETT A. SHUMATE
 *Assistant Attorney General*

YAAKOV M. ROTH
 *Principal Deputy Assistant
 Attorney General*

DREW C. ENSIGN
 *Deputy Assistant Attorney General*

ELIZABETH HEDGES
SARAH WELCH
 *Civil Division*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue NW*
 *Washington, DC 20530*
 *(771) 209-1978*
 *Elizabeth.T.Hedges@usdoj.gov*

# NATURE OF THE CASE

On May 21, 2025, Defendant-Appellee Chief Judge George L. Russell III signed, and Defendants-Appellees entered, Standing Order 2025-01. The Standing Order applied to all cases filed on or after 5:00 pm on May 20, 2025, and purported to invoke the All Writs Act and a "limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action." It provided that "upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on behalf of an alien detainee, the Government/Respondents, including all those acting for them or on their behalf, are ENJOINED and RESTRAINED from removing Petitioners in such cases from the continental United States or altering their legal status, provided that Petitioner's full name and A# have been provided to the Court, either in the Petition or in a separate sealed filing." The Standing Order provided that it "shall be entered in every such case upon its filing." It also provided that "its terms shall remain in effect until 4:00 p.m. on the second business day following the filing of the Petition," unless extended by the judge assigned to the case. The court clerk began entering the Standing Order in habeas cases almost immediately.

On May 28, 2025, Chief Judge Russell signed Amended Standing Order 2025-01. Like the original Standing Order, the Amended Standing Order invoked the All Writs Act and required the entry of a two-business-day injunction against removing

1

or altering the legal status of an alien immediately once the alien files a § 2241 petition.

The Orders require automatic entry of an order enjoining the government, regardless of whether the court has jurisdiction and regardless of the merits of the alien detainee's claim for relief—or even whether the alien detainee asked for emergency relief. Despite the government's having informed the Judicial Conference of serious concerns with the Orders' validity, no action was taken, and the Orders have been entered in over a dozen cases to date.

The Orders interfere with the government's efforts to enforce immigration law in a number of ways. As just one example, extremely limited bed space in Maryland means that generally aliens detained there are transferred to a different location very quickly—sometimes before they file a habeas petition. But the Orders do not allow the government any opportunity to contest an alien's assertion of being "located in the District of Maryland" at the time of a habeas filing.

Because of the Orders' many flaws and their ongoing and severe intrusion on the government's immigration-law enforcement authority, Plaintiffs-Appellants the United States and the Department of Homeland Security filed a complaint in the District of Maryland seeking injunctive relief against implementation of the Orders and a declaratory judgment that the Orders are invalid. The complaint named as Defendants the district court, its active judges, and its clerk, and it raised three

claims: that the Orders (1) violate federal law by bypassing mandatory substantive and procedural prerequisites for preliminary equitable relief, (2) violate jurisdictional bars and limitations on judicial review in the Immigration and Nationality Act, and (3) function as local rules and are invalid because they did not go through the notice-and-comment rulemaking procedure required by statute for such rules.

Because all active judges on the District of Maryland were named Defendants, the Fourth Circuit assigned the case to Judge Thomas Cullen of the Western District of Virginia. The government moved for a preliminary injunction relieving it from entry of the Orders, and the Defendants opposed and moved to dismiss. After a hearing on both motions, the district court granted Defendants' motion to dismiss. The government appealed the dismissal order the same day.

**ADVERSE PARTIES CONTINUED**

Judge Deborah L. Boardman (in her official capacity)

    Attorneys' information *(same for all adverse parties)*:
        Paul D. Clement
        Erin E. Murphy
        Andrew C. Lawrence
        Matthew D. Rowen
        Kevin Wynosky
        CLEMENT & MURPHY, PLLC
        706 Duke Street
        Alexandria, VA 22314
        Email: Andrew.Lawrence@clementmurphy.com
        Phone: (202) 742-8900

Judge James K. Bredar (in his official capacity)

Judge Deborah K. Chasanow (in her official capacity)

Judge Theodore D. Chuang (in his official capacity)

Judge Stephanie A. Gallagher (in her official capacity)

Judge Lydia Kay Griggsby (in her official capacity)

Judge Ellen L. Hollander (in her official capacity)

Judge Brendan A. Hurson (in his official capacity)

Judge Matthew J. Maddox (in his official capacity)

Judge Julie R. Rubin (in her official capacity)

Judge Paula Xinis (in her official capacity)

Catherine M. Stavlas, Clerk of Court (in her official capacity)

United States District Court for the District of Maryland

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant*
    *Attorney General*

DREW C. ENSIGN
  *Deputy Assistant Attorney*
    *General*

 */s/ Elizabeth Hedges*
ELIZABETH HEDGES
SARAH WELCH
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(771) 209-1978*
  *Elizabeth.T.Hedges@usdoj.gov*