*Office of the Director*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, DC 20536



November 10, 2025

VIA ELECTRONIC SUBMISSION to MDD_Localrules@mdd.uscourts.gov

Ms. Suzanne C. Johnson
Local Rules and Forms Committee
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

Re:     Proposed Changes to Standing Order 2025-01

Dear Ms. Johnson:

On September 12, 2025, the U.S. District Court for the District of Maryland (District Court) posted notice of proposed changes to Amended Standing Order 2025-01 (Amended Standing Order) concerning petitions for writs of habeas corpus by alien detainees. The District Court invited public comment on both the operative version, Amended Standing Order, and the proposed Second Amended Standing Order 2025-01 (Proposed Standing Order). This letter serves as the public comment of U.S. Immigration and Customs Enforcement (ICE) in response to the proposed changes. Specifically, ICE encourages the Local Rules and Forms Committee (Rules Committee) to re-evaluate the prudence, legality, and need for a standing order. ICE further encourages the Rules Committee to explore alternatives that do not impinge upon the authority of ICE to transport aliens within the United States and execute lawful removal orders, as well as the authority of other government agencies to alter the legal status of aliens.

    **I.     Background**

    **A.  Immigration Enforcement and Benefit Adjudication**

Multiple components within at least two Departments – Homeland Security (DHS) and Justice (DOJ) – administer and enforce the immigration laws, as well as implement and enforce various related constitutional and statutory authorities. Among the component agencies involved in immigration adjudication and enforcement are ICE, U.S. Citizenship and Immigration Services (USCIS), U.S. Customs and Border Protection, as well as DOJ's Executive Office for Immigration Review.

The Homeland Security Act of 2002 created ICE by merging the investigative and interior enforcement elements of the former U.S. Customs Service and the Immigration and

Proposed Changes to Standing Order 2025-01
Page 2 of 3

Naturalization Service. Today, ICE's mission is to promote homeland security and public safety through the criminal and civil enforcement of federal laws governing border control, customs, trade, and immigration. ICE's law enforcement mission is carried out by Homeland Security Investigations (HSI) special agents and Enforcement and Removal Operations (ERO) officers. Title 8 of the U.S. Code authorizes the detention of aliens during the removal process and for the removal of aliens with final orders of removal, including those issued by an immigration judge or other lawful means.

### B. The Standing Orders

The District Court issued Standing Order 2025-01 on May 21, 2025, and Amended Standing Order 2025-01 on May 28, 2025. The Amended Standing Order requires the Clerk of the Court to automatically enter an injunction against removing, or changing the legal status of, any alien detained in Maryland who files a habeas petition. The Rules Committee is proposing to amend the Amended Standing Order to maintain venue and subject matter jurisdiction over the habeas petitions of aliens filed while detained in the State of Maryland for at least two business days. Once triggered, the Proposed Standing Order suspends the Executive Branch's ability to remove the alien or otherwise change the alien's legal status in a manner that would deprive the District Court of subject-matter jurisdiction over the habeas petition. The Proposed Standing Order also allows the presiding judge to extend or shorten the interval of time necessary in an individual case to render a decision on the requested emergency relief or dissolve the Order entirely.

### II. ICE's Concerns

The District Court's implementation of the Amended Standing Order, under the auspice of preserving its jurisdiction, is an overreach. The Proposed Standing Order is equally misguided. With these orders, the District Court usurps Executive Branch authority and flouts congressional intent. Reflexively staying the execution of lawful final orders of removal without an adjudication on the merits not only interferes with ICE operations but is also detrimental to the public interest in the prompt execution of removal orders and the protection of public safety.

Generally, if an alien seeks to challenge a removal order, he or she does so by filing a petition for review with the appropriate federal court of appeals. Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, most aliens pursing a petition for review received an automatic stay of their removal because they could not continue the litigation from outside the United States. That has not been the case for almost 30 years due to legislative changes that also limit a court's ability to enjoin the removal of an alien with a final order of removal. The Amended Standing Order and Proposed Standing Order do not take this into account. In fact, these orders do not consider at all whether a federal court of appeals has assessed the legality of the removal order. Similarly, there is no balancing of the parties' interests or consideration of the alien's likelihood of success on the merits as is required when evaluating a stay request under *Nken v. Holder*, 556 U.S. 418 (2009). Instead, the District Court set forth several low hurdles to be cleared by the alien in exchange for what is essentially an injunction against removal as a matter of right. Any authority by the Executive Branch to exercise statutory or discretionary authority is expropriated by the "enjoin" and "suspend" language in the Orders.

Detention is an important and necessary part of immigration enforcement. ICE detains aliens to secure their presence both for immigration proceedings and for their removal from the United States, with a special focus on those who represent a risk to public safety or for whom release is prohibited by law. The public, and parties, are entitled to prompt execution of a final order of removal. The Amended Standing Order and Proposed Amended Order impair and frustrate ICE removal efforts. The operational planning necessary to coordinate a removal, especially a removal of an alien to a country that is recalcitrant in the acceptance of their nationals, can take months of sensitive diplomacy to arrange. It is not uncommon for the final removal plan arrangements to come together completely at only the last minute. A delay, even of a day or two, can undo all those arrangements and can require months of additional work before removal can be attempted again. Similarly, aliens often have travel documents with expiration dates. An automatic stay can cause removal to be delayed until after those travel documents have expired. The Amended Standing Order and Proposed Standing Order impose an unreasonable financial burden – in terms of additional detention costs, officer time, and cancelled flights, among other things – on ICE and improperly frustrate removal efforts.

Although the Proposed Standing Order places the certification burden on the alien or his or her counsel and may help reduce the amount of frivolous or procedurally defective habeas petitions, in practice, it may give rise to litigation over the accuracy of certifications and generate substantial adverse operational impact for ERO. Moreover, the transfer of detainees to detention locations outside the State of Maryland is the result of Maryland lawmakers enacting legislation that limited ICE detention space in Maryland. Providing specific and frequent updates on detainee movements not only strains staff resources, but, more importantly, exposes transfer patterns, which could increase security risks to ERO personnel, contract staff transporting detainees, and detainees themselves. Additional costs are also incurred, and Executive Branch authority is usurped, when the District Judge orders the detainees return to Maryland and dictates supervision status once released.

### III.     Conclusion

ICE encourages the Rules Committee to re-evaluate the impact of both the Amended Standing Order and the Proposed Order. These orders create conflict with ICE's mission to remove aliens and the Executive Branch's discretion in determining where to detain aliens within the United States. These orders also place a greater and unfair burden not only on ICE's enforcement and removal efforts but also on other government agencies adjudicating alien benefits.

Sincerely,

Todd M. Lyons
Acting Director
U.S. Immigration and Customs Enforcement