No. 25-2004

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**
————————————

UNITED STATES, *et al.*,

Plaintiffs-Appellants,

v.

JUDGE MATTHEW JAMES MADDOX, *et al.*,

Defendants-Appellees.
————————————

**REPLY IN SUPPORT OF
MOTION TO DISMISS APPEAL AS MOOT
AND VACATE JUDGMENT**
————————————

BRETT A. SHUMATE
  *Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant
    Attorney General*

DREW C. ENSIGN
  *Deputy Assistant Attorney General*

ELIZABETH HEDGES
SARAH WELCH
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(771) 209-1978*
  *Elizabeth.T.Hedges@usdoj.gov*

## INTRODUCTION

This is the classic case for *Munsingwear* vacatur: an appeal that has become moot because of the "unilateral action of the party who prevailed below." *U.S. Bancorp Mort'g Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). This appeal became moot, post-judgment, when Appellees rescinded the policy from which the government sought relief. The mere possibility of future litigation challenging a new, different policy on new, different grounds does not preserve the vitality of a challenge to the old, rescinded policy. Indeed, to the extent it is relevant, the possibility of future litigation between the parties only cuts in favor of vacatur. An express purpose of *Munsingwear* vacatur is to "clear[] the path for future relitigation of the issues between the parties." *United States v. Munsingwear*, 340 U.S. 36, 40 (1950). The Court should dismiss the appeal as moot and vacate the district court's opinion and judgment.

## ARGUMENT

### I.  Appellees Mooted This Appeal By Rescinding The Challenged Orders After Judgment.

This appeal became moot when Appellees superseded the challenged Orders, from which the government had sought solely prospective relief.

Motion, ECF No. 19-1 ("Motion"), at 8-9. The possibility of different challenges to a different rule in a later lawsuit does not save from mootness the existing challenges to the superseded rule in the current lawsuit.

Appellees agree that their promulgation of a new Second Amended Standing Order "has certainly mooted some aspects of this dispute," but they maintain that "the Executive's challenge as a whole" remains live because of the possibility that the government will, in the future, challenge the new order. Response, ECF No. 22-1 ("Response"), at 3. That argument is mistaken. A claim for prospective relief becomes moot when the challenged law is superseded, even if the plaintiffs wish to argue in the future "that the new rule may still infringe their rights." *N.Y. State Rifle & Pistol Ass'n v. City of New York*, 590 U.S. 336, 339 (2020) (per curiam) (recognizing mootness of existing claims challenging the "old rule" despite stated intent to challenge new rule). A court cannot enter relief from a superseded rule that lacks prospective effect, so the government's claims for prospective relief from the no-longer-effective rules became moot on appeal. *See, e.g.*, *In re Cigar Ass'n of Am.*, 812 F. App'x 128, 136 (4th Cir. 2020) (per curiam).

The mootness of the existing challenge is especially plain given the changes in the Second Amended Standing Order. For example, the

2

superseded orders specified that they "ENJOINED and RESTRAINED" the government, so the government argued that the orders violated limitations on injunctions and temporary restraining orders. But the new Second Amended Standing Order purports to function as a "stay."[1] Motion at 2, 5. And, for example, the superseded orders were adopted without notice or comment, so the government argued that they violated notice-and-comment requirements. But Appellees provided notice and solicited comments on the new Second Amended Standing Order. *See id.*; Response at 3 (agreeing that this challenge is moot). The challenged orders' replacement with a new order apparently geared to resolving the government's challenges below underscores the mootness of the present dispute over the superseded orders.

## II.    *Munsingwear* Vacatur Is Warranted.

When a case becomes moot on appeal, this Court "customarily vacate[s] the opinions and remand[s] with instructions to dismiss."

---

[1] United States District Court for the District of Maryland, *Proposed Second Amended Standing Order 2025-01 (with edits shown)*, https://www.mdd.uscourts.gov/sites/mdd/files/Redline-SecondAmendedStandingOrder%202025-1.pdf (accessed January 14, 2026); United States District Court for the District of Maryland, *Second Amended Standing Order 2025-01*, https://www.mdd.uscourts.gov/sites/mdd/files/Second%20Amended%202025-01.pdf (accessed January 14, 2026).

*Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco, & Explosives*, 14 F.4th 322, 325 (4th Cir. 2021). Whether to vacate turns on "the twin considerations of fault and public interest," *id.* at 327, both of which favor the government here. Motion at 9-11.

Appellees' responses are unpersuasive. First, they argue that the mere possibility of future litigation between the same parties "underscores that there would be no basis for vacatur." Response at 5; *see* Motion at 9 n.6. Appellees say this is so because future litigation could be disruptive and the opinion below is the "most obvious bulwark against another such action." Response at 1, 6. *Munsingwear* vacatur has no bearing on the asserted disruptiveness of hypothetical future litigation. Appellees agree the decision below is "not technically precedential," so it will not prevent Appellees' feared future disruption even if not vacated. *Id.* at 4. If Appellees would hope to assert some preclusive effect of the decision in future litigation, "clear[ing] the path for future relitigation of the issues between the parties" is an *intended feature* of vacatur, not a bug that cuts against it. *Alvarez v. Smith*, 558 U.S. 87, 94 (2021) (quoting *Munsingwear*, 340 U.S. at 40). Nor will vacatur affect whether the opinion is viewed as "thoughtful" or "persuasive" in the future. Response at 1. Future litigants and courts can read vacated opinions,

too. *See Hirschfeld*, 14 F.4th at 328 (recognizing that "the exchange of ideas between the panel and dissent will remain available as a persuasive source" despite vacatur).

Second, Appellees argue that vacatur is not warranted because their "efforts to refine the standing order and ensure an opportunity for public comment" were not wrongful. Response at 7. That is immaterial. The "fault" component of the *Munsingwear* standard cuts against vacatur only if the appellant caused mootness. *See Bancorp*, 513 U.S. at 24 ("The principal condition … is whether the party seeking relief from the judgment below caused the mootness by voluntary action."). Here, where mootness resulted from the "unilateral action of the party who prevailed below," the government is not at fault. *Id.* at 25. Indeed, that is a classic case for *Munsingwear* vacatur. *See, e.g.*, 13C Charles Alan Wright et al., *Federal Practice and Procedure* § 3533.10.1 (3d ed.). The government has done nothing to "step[] off the statutory path" of "appeal as of right," Response at 7 (quoting *Bancorp*, 513 U.S. at 27), by recognizing that Appellees unilaterally mooted the appeal after judgment and before the government's first brief was due.

## CONCLUSION

The Court should dismiss the appeal as moot and vacate the district court's opinion and judgment.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant*
*Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney*
*General*

*/s/ Elizabeth Hedges*

ELIZABETH HEDGES
SARAH WELCH
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(771) 209-1978*
*Elizabeth.T.Hedges@usdoj.gov*

## CERTIFICATE OF COMPLIANCE

This filing complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 1,022 words. This filing also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Book Antiqua 14-point font, a proportionally spaced typeface.

*/s/ Elizabeth Hedges*
Elizabeth Hedges

7

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Elizabeth Hedges*
Elizabeth Hedges